## EDWIN WENTWORTH *vs.* HUBERT DALY.

Middlesex. January 22. — 31, 1884. DEVENS & C. ALLEN, JJ., absent.

A mortgage "of all the right, title, and interest which we now or may hereafter have in and to the property and estate of J. deceased, testate, whether the same comes to us by will or descent, a part of said property being the late homestead of said J.," does not include land which was originally part of the homestead of J., but which was conveyed by him to one of the mortgagors before his death.

If the language of a mortgage of real estate excludes a certain parcel of land, evidence of an intention of the parties to include it is not admissible, on a bill in equity to redeem the parcel from a sale for taxes, against a third person.

HOLMES, J. This is a bill in equity to redeem an estate sold for taxes. The plaintiff's claim, as stated in the bill, depends solely on the question whether the estate was included in a mortgage to him by Almira H. and Charles H. Lewis of " all the right, title, and interest which we now or may hereafter have in and to the property and estate of John Lewis [the father of said Charles H.] late of Everett, deceased, testate, situate and being in the county of Middlesex, aforesaid, whether the same comes to us by will or descent; a part of said property being

the late homestead of said John Lewis, and situated on Chelsea and School Streets in said Everett."

The land in controversy was originally part of the homestead of John Lewis, but had been conveyed by him to Almira, one of the mortgagors, before his death. The rest of the homestead was his when he died, although subject to mortgage. The words of the mortgage above quoted are plainly insufficient to include land that did not come to the mortgagors by will or descent, and that was not part of the " estate of John Lewis late of Everett, deceased, testate," at the time of his death. It is quite impossible to distinguish, as argued by the plaintiff, between what is covered by the words " which we now " and the words " or may hereafter " preceding the single predicate " have." As the language of the deed excludes the parcel in question, evidence of an intention to include it, even. if it should be sufficient to warrant a reformation of the instrument as between the parties, is not admissible in a proceeding against a third person, who furthermore seems to have been a purchaser without notice.

*Bill dismissed.*

*E. Ames & H. F. Buswell,* for the plaintiff.
*J. W. O'Brien & H. Dunham,* for the defendant.